IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

REYNOLDS INNOVATIONS INC., )
                                                            )
    Plaintiff, )
                                                            )
                                                            )    Civil Action No. 3:12-cv-373
vs. )
                                                            )
RONALD H. ANDERSEN, )
individually and D/B/A "R.H. )
Andersen & Associates," )
                                                           )
    Defendant. )
                                                           )

## FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT

Plaintiffs Reynolds Innovations, Inc. ("RII"), and Defendant Ronald H. Andersen, ("Andersen") have reached a confidential agreement in settlement of the dispute between them and have consented to the entry of this Final Judgment and Permanent Injunction on Consent ("Consent Judgment"), based on the following stipulated findings of facts and conclusions of law, which the Court hereby adopts for purposes of the entry of this Consent Judgment.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.     RII is a North Carolina Corporation with a place of business at 401 North Main Street, Winston-Salem, North Carolina.

2.     RII is a trademark holding company and corporate affiliate of R.J. Reynolds Tobacco Company. RII is the exclusive owner of distinctive trademarks,

1

US2008 3356413.4

including but not limited to the trademarks consisting of the word "CAMEL" and/or depictions of a camel.

3. RII, through its predecessors-in-interest and affiliates, has used the CAMEL mark continuously since at least as early as 1901 in connection with cigarettes. (For convenience, and unless the context indicates otherwise, the term "Reynolds" will be used to refer collectively to RII and its predecessors-in-interest and/or RII's corporate affiliates who use the trademarks owned by RII under authority from RII.)

4. RII has registered various versions of the CAMEL mark on the Principal Register of the United States Patent and Trademark Office ("USPTO") under, among others, U.S. Trademark Registration Nos. 126,760 and 1,391,824. (For convenience, the marks shown in these registrations and their common-law counterparts are collectively referred to hereinafter as the "CAMEL Marks.")

5. As a result of over a century of continuous use and promotion of the CAMEL Marks, RII's CAMEL Marks have acquired a high degree of recognition and fame throughout the United States as symbolic of the highest quality of tobacco products. The public is uniquely aware of the CAMEL Marks and identifies those trademarks with Reynolds. The CAMEL Marks are famous trademarks that are widely recognized by the general public as a designation of the source of Reynolds's goods.

6. Ronald H. Andersen is a resident of Matthews, North Carolina and does business under the fictitious business name "R.H. Andersen & Associates."

US2008 3356413.4

7. For a period of time, Andersen sold and distributed, without Reynolds's authorization, liquid nicotine products bearing the mark "Camel," that is confusingly similar to the CAMEL Marks.

8. On June 15, 2012, RII commenced the above-captioned action (the "Action") by filing a complaint (the "Complaint") against Andersen. The Complaint alleged claims for trademark infringement, trademark dilution, unfair competition, and false designation of origin in violation of the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.*; trademark dilution in violation of A.R.S. § 44-1448.01; and trademark infringement and unfair competition in violation of the common law of the State of North Carolina.

9. The Parties have agreed to resolve their dispute by the entry of this Final Judgment and Permanent Injunction on Consent, as well as by payment from Defendant to RII of a confidential amount of money.

10. Pursuant to Section 39 of the Lanham Act, 15 U.S.C.§ 1121, and pursuant to 28 U.S.C. §§ 1331, 1337, and 1367, this Court has subject matter jurisdiction over RII's claims against Andersen.

11. This Court has personal jurisdiction over Andersen because Andersen resides in this District.

12. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the Action occurred in this District.

## PERMANENT INJUNCTION AND ORDER

Based on the parties' stipulation and agreement hereto, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. Andersen and his agents, representatives, employees, attorneys, successors, and assigns, and all others in active concert or participation with them, are hereby **PERMANENTLY ENJOINED AND RESTRAINED** from:

    a. using, advertising, promoting, displaying, or making any use whatsoever of the designation (i) "Camel," or depictions of a camel or camels; and (ii) the trademarks BARCLAY, BELAIR, CAPRI, CARLTON, DORAL, ECLIPSE, GPC, KOOL, LUCKY STRIKE, MISTY, MONARCH, MORE, NOW, PALL MALL, SALEM, TAREYTON, VANTAGE, VICEROY, and WINSTON or any colorable imitations thereof, in connection with liquid nicotine products;

    b. engaging in any other activity constituting infringement or dilution of RJI's CAMEL Marks; and

    c. using any false designation of origin or false representation which are likely to lead to the trade, the public, or individuals erroneously to believe that Defendant is in any way sponsored, approved, authorized, or controlled by Reynolds.

2. Andersen shall pay to RJI the confidential amount of money agreed upon by the Parties.

4

3. RII and Andersen acknowledge that they have knowingly and voluntarily entered into this Consent Judgment after reviewing the same with their counsel or having ample opportunity to consult with counsel. RII and Andersen understand the undertakings, obligations and terms of this Consent Judgment.

4. Except as to Andersen's obligations set forth in this Consent Judgment, RII's claims against Andersen in this Action are hereby dismissed with prejudice. No appeals shall be taken from this Consent Judgment, and Andersen hereby waives all right to appeal from this Consent Judgment.

5. This Court shall retain jurisdiction over this matter to enforce a violation of this Judgment's terms. If any such violation occurs, the Court shall award (a) without regard to proof of actual damages, an amount the Court deems adequate to compensate RII for such a breach; as well as (b) injunctive relief enjoining any further breach of this Order, or such modifications to the present Order as the Court deems appropriate; (c) attorneys' fees, costs, and disbursements, as determined by the Court; and (d) such other relief as the Court deems just and proper.

It is SO ORDERED, this the 18th day of October September, 2012.

_____
United States District Judge

CONSENTED AND AGREED TO:

| REYNOLDS INNOVATIONS INC. | RONALD H. ANDERSEN |
|---|---|
| By: Michael Madigan | _Ronald H. Andersen_ |
| Title: Secretary 9/6/12 | Date: 8-27-12 |

5